**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Felipe ZEPEDA–MARTINEZ,**
**Defendant–Appellant.**

**No. 05–50562.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Dec. 13, 2006.

US Attorneys Office, Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kurt D. Hermansen, Esq., San Diego, CA, for Defendant–Appellant.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Felipe Zepeda–Martinez ("Zepeda") appeals the district court's sentence of 70 months following his guilty plea to one count of unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Zepeda first argues that the district court improperly enhanced his sentence by sixteen levels. The district court based this funding upon his prior California conviction for corporal injury to a spouse under California Penal Code § 273.5. Under California law, a defendant cannot be convicted under § 273.5 unless "the injury results from a direct application of force on the victim by the defendant." *People v. Jackson*, 77 Cal.App.4th 574, 578, 91 Cal. Rptr.2d 805 (2000). The *Jackson* court expressly held that the statutory language prevents a conviction merely for the "direct, natural and probable consequences"

of an action. *Id.* at 580, 91 Cal.Rptr.2d 805. Thus, Zepeda could not have been convicted based on an aiding and abetting theory and must have himself used force on this victim. This is a crime of violence. Zepeda's arguments to the contrary are without merit.

We also reject Zepeda's argument that the court improperly relied upon his 2004 reinstatement to support his sentence enhancement. In *United States v. Luna–Madellaga*, 315 F.3d 1224 (9th Cir.2003), this court determined that the language of 8 U.S.C. § 1326 "plainly turns on the alien's *physical* removal—not the *order* of removal." *Id.* at 1226. Under *Luna*, the district court's reliance on the 2004 reinstatement was proper.

Zepeda also challenges his sentence enhancement under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have addressed that issue in a separate, published opinion filed on this date.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.