**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
                    *Respondent-Appellee,*

v.

MARK LAURICO-YENO,
                    *Petitioner-Appellant.*

No. 09-50093

D.C. No.
3:08-CR-01624-H-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted
November 3, 2009—Pasadena, California

Filed January 4, 2010

Before: Ronald M. Gould and Carlos T. Bea, Circuit Judges,
and Donald W. Molloy,* District Judge.

Opinion by Judge Molloy

---

*The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

---

**COUNSEL**

Karen P. Hewitt, United States Attorney, Douglas Keehn (argued), Assistant United States Attorney, Bruce R. Castetter, Assistant United States Attorney, Mark R. Rehe, Assistant United States Attorney, United States Attorney's Office, San Diego, California, for plaintiff-appellee United States of America.

Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

---

**OPINION**

MOLLOY, District Judge:

Appellant Mark Laurico-Yeno ("Laurico") pleaded guilty to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). At sentencing, he received a sixteen-point increase in his base offense level under U.S.S.G. § 2L1.2 after the sentencing judge determined his prior conviction of Inflicting Corporal Injury on Spouse/Cohabitant Partner in violation of California Penal Code § 273.5 ("§ 273.5") was a "crime of violence." He now appeals this sixteen-point increase arguing that § 273.5 is not a categorical "crime of violence." Because the use of physical force against the person of another is an element of the stat-

ute, we hold that California Penal Code § 273.5 is a categorical crime of violence under U.S.S.G. § 2L1.2.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear Laurico's appeal pursuant to 28 U.S.C. §§ 1291 and 1294. We review de novo a sentencing court's "interpretation of the Guidelines, including its determination whether a prior conviction is a 'crime of violence' for the purposes of U.S.S.G. § 2L1.2." *United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1141 (9th Cir. 2007).

## BACKGROUND

On May 21, 2008, Laurico was charged with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He pleaded guilty as charged without the benefit of a plea agreement.

The probation officer filed a presentence report, which indicated the maximum term of imprisonment was 20 years and recommended a sentence of 70 months. The presentence report determined Laurico's base offense level as 8 and concluded that a sixteen-level sentencing enhancement was appropriate pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because of a 2004 conviction for domestic violence in violation of § 273.5.

Laurico objected to the sixteen-point enhancement on the grounds that the § 273.5 conviction was not a felony, and, even if it was, the statute is not a categorical "crime of violence." The sentencing judge noted our decision in *United States v. Solorio-Nunez*, 287 Fed. App'x 13 (9th Cir. 2008) (unpublished), which upheld an offense-level increase for a § 273.5 conviction as a crime of violence. Based on that decision, the sentencing judge concluded Laurico's conviction was a felony and a "crime of violence."

With the sixteen-level enhancement applied, the sentencing judge calculated Laurico's United States Sentencing Guidelines ("Guidelines") range to be 46 to 57 months, but then varied from the Guidelines range and gave him a sentence of 30 months imprisonment and 3 years of supervised release.

## ANALYSIS

The issue here is whether a § 273.5 conviction for willful infliction of a corporal injury is a categorical "crime of violence" for purposes of the illegal reentry Guideline U.S.S.G. § 2L1.2. Laurico argues that § 273.5 is not a categorical "crime of violence." Previously, we have upheld sentencing courts applying a sixteen-point enhancement under the Guidelines for a § 273.5 conviction,[1] but we have not done so with a published analysis of the state statute and the term "crime of violence" under § 2L1.2. We do so here.

**[1]** In determining whether § 273.5 categorically falls within the scope of "crime of violence," we employ the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Under that approach, we do not look to the facts of the underlying conviction, but rather to the state statute defining the conviction. "[I]n order for a violation of the state statute to qualify as a predicate offense, the full range of conduct covered by the state statute must fall within the scope of the federal statutory provision." *United States v. Pallares-Galan*, 359 F.3d 1088, 1099-1100 (9th Cir. 2004) (internal citation omitted). To do this, we look "at the least egregious end of [the state statue's] range of conduct." *United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006) (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir.

---

[1]*See, e.g.*, *United States v. Solorio-Nunez*, 287 Fed. App'x 13 (9th Cir. 2008) (unpublished) (upholding a district court's enhancement under the Guidelines for a § 273.5 conviction); *United States v. Zepeda-Martinez*, 213 Fed. App'x 530 (9th Cir. 2006) (unpublished) (finding § 273.5 to be a "crime of violence" warranting a sixteen-level enhancement).

2006)). Thus we begin our analysis by comparing the terms of U.S.S.G. § 2L1.2(b)(1)(A) with the elements of § 273.5.

**[2]** The Guidelines provide for a sixteen-level increase to the base offense level if the defendant was previously deported following a felony conviction for a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A). A "crime of violence" is defined as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that *has as an element the use, attempted use, or threatened use of physical force against the person of another.*

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (emphasis added). The language relevant to our analysis here is "the use . . . of physical force against the person of another." In earlier cases, we have qualified the phrase "crime of violence" to apply only to the intentional use of force. *See, e.g.*, *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006). Additionally, a state crime should be in the category of "violent, active crimes" before it can qualify as a "crime of violence." *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004).

**[3]** In pertinent part, California Penal Code § 273.5(a) provides as follows:

> Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her

> child, corporal injury resulting in a traumatic condition, is guilty of a felony . . . .

The plain terms of the statute require a person willfully to inflict upon another person a traumatic condition, where willfully is a synonym for intentionally. Cal. Penal Code § 7; *see also People v. Lewis*, 15 Cal. Rptr. 3d 891, 901 (Cal. Ct. App. 2004). The statute defines a traumatic condition as one that is "caused by a physical force." § 273.5(c). Under California law, this willful infliction requires "a direct application of force on the victim by the defendant." *People v. Jackson*, 91 Cal. Rptr. 2d 805, 810 (Cal. Ct. App. 2000). This means a defendant can be convicted under § 273.5 only if he or she intentionally uses "physical force against the person of another." Because a person cannot be convicted without the intentional use of physical force, § 273.5 categorically falls within the scope of a "crime of violence."

Laurico argues, however, that § 273.5 includes non-violent conduct outside the scope of the term "crime of violence." The argument is based on California courts interpreting § 273.5 on occasion to be a simple battery, with an added requirement that it result in injury. *See People v. Gutierrez*, 217 Cal. Rptr. 616, 620-21 (Cal. Ct. App. 1985) ("It is *injury* resulting in a traumatic condition that differentiates [§ 273.5] from lesser offenses. Both simple assault and misdemeanor battery are included in a prosecution of section 273.5.") (emphasis in original and internal citations omitted). Under California law, a simple battery allows for liability by way of a "least" or slightest touching. *People v. Thurston*, 84 Cal. Rptr. 2d 221, 224 (Cal. Ct. App. 1999). This least touching "need not be violent or severe," or even "leave any mark." *People v. Colantuono*, 7 Cal. 4th 206, 214 n.4 (Cal. 1994). Consequently, Laurico contends a § 273.5 conviction *could* result from a non-violent use of force.

**[4]** Laurico's argument is without merit. Section 273.5 does not penalize minimal, non-violent touchings. It penalizes the

intentional use of force that results in a traumatic condition. This California definition of domestic violence covers a category of "violent, active crimes."

In essence, Laurico is asking us to surmise that a non-violent "least touching" could result in a § 273.5 conviction. We need not entertain such a hypothetical possibility. "[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). When the state statute's greater breadth is not apparent from the language of the statute itself, a defendant must point to "cases in which the state courts in fact did apply the statute in the special (nongeneric) manner" to show the statute applies to conduct outside the federal definition. *Id.***[2]**

**[5]** Here, § 273.5's text does not apply to conduct outside the term "crime of violence" as defined in the Guidelines. To the contrary, it fits squarely within the term by requiring the deliberate use of force that injures another. Laurico is unable to identify a single § 273.5 case resulting from a non-violent use of force.**[3]** As such, Laurico presents only a "theoretical possibility[ ] that [California] would apply its statute to conduct" outside the term "crime of violence," and this is not enough.**[4]** *Id.*

---

**[2]**Although *Duenas-Alvarez* referred to a federal *statute*'s definition of a generic crime, the cited principle applies with equal force to the consideration whether a state statute meets a generic definition appearing in the Guidelines. *See United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1108-09 (9th Cir. 2009).

**[3]**Laurico argues *People v. Dennis* is such a case. No. D044201, 2005 WL 1230772 (Cal. Ct. App. May 24, 2005) (unpublished). In that case, however, the jury found defendant had pulled the victim's fingernail off, more than a non-violent "least touching."

**[4]**Laurico makes other attempts to portray § 273.5 as broader than a "crime of violence," but these other arguments are similarly without merit.

**[6]** Accordingly, we hold that because California Penal Code § 273.5 requires the intentional use of physical force against the person of another it is a "crime of violence" under the illegal reentry guideline U.S.S.G. § 2L1.2.

**AFFIRMED.**

He argues § 273.5 applies to negligently or recklessly inflicted injuries, which do not qualify as a crime of violence. *See Fernandez-Ruiz*, 466 F.3d at 1130. Again, however, Laurico is unable to support his contention with a statute or case law showing that § 273.5 applies to negligent or reckless conduct.

He also argues that § 273.5 is a general intent crime, and Ninth Circuit precedent requires a "crime of violence" to be one of specific intent. He bases this argument on an incorrect reading of our decision in *Fernandez-Ruiz*, which held that neither recklessness nor gross negligence supports a finding of "crime of violence," but did not hold that "crime of violence" is limited to specific intent crimes. *Id.* at 1132. A general intent crime can satisfy the generic definition of a "crime of violence."