**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DANIEL MANUEL RODRIGUEZ, | No. 09-70460 |
| Petitioner, | |
| v. | Agency No. A018-202-415 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and MARTINEZ,
District Judge.[***]

Daniel Manuel Rodriguez ("Rodriguez") petitions for review of a decision

of the Board of Immigration Appeals ("BIA"), finding him removable based on his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

multiple criminal convictions and denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.[1]

1.      Rodriguez is removable for his conviction for violation of California Health & Safety Code § 11357(a), possession of concentrated cannabis, for the reasons stated in our currently-filed published opinion.

2.      Rodriguez is removable for his second conviction for violation of California Penal Code § 273.5 because that conviction is an aggravated felony and a crime of domestic violence pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) and 18 U.S.C. § 16(a).[2] *See Banuelos-Ayon v. Holder*, ____ F.3d ____ (9th Cir. 2010); *United States v. Laurico-Yeno*, 590 F.3d 818, 820-23 (9th Cir. 2010).

3.      The agency correctly determined that Rodriguez is ineligible for asylum because his first conviction under California Penal Code § 273.5, for which

---

[1]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

[2]  Rodriguez is not removable for commission of two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). The government based this removability charge on Rodriguez's convictions for violation of California Penal Code § 273.5, but we have held that § 273.5 is not a categorical crime of moral turpitude. *See Morales-Garcia v. Holder*, 567 F.3d 1058, 1067 (9th Cir. 2009).

he was sentenced to two years in prison, constitutes an aggravated felony. *See* 8

U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1101(a)(43)(F).

4.     Rodriguez has not made a compelling showing of past persecution

based on his forcible separation from his father while his father was in a labor

camp. *Cf. Navas v. INS*, 217 F.3d 646, 659 n.18 (9th Cir. 2000). Rodriguez

waived his argument that his father's persecution should be imputed to him by

failing to raise this issue in his opening brief. *United States v. Kama*, 394 F.3d

1236, 1238 (9th Cir. 2005). Since Rodriguez has not shown past persecution, he is

not entitled to a presumption of future persecution. *See* 8 C.F.R. §

208.16(b)(1)(iii); *Wakkary v. Holder*, 558 F.3d 1049, 1063 n.10 (9th Cir. 2009).

The record does not support the conclusion that Rodriguez will be persecuted due

to his family's past dissident activities or due to his mental illness.

5.     Rodriguez has not shown under CAT that it is more likely than not

that he would be tortured if removed to Cuba. *See* 8 C.F.R. § 1208.16(c)(4).

Torture requires a specific intent to cause harm, and Rodriguez has not shown that

government officials would have a specific intent to harm him. *Villegas v.

Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008).

Accordingly, Rodriguez's petition for review is **DENIED**.