**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50475 |
| Plaintiff - Appellee., | D.C. No. 3:08-cr-2266-H-1 |
| v. | |
| LIONEL VALENZUELA-CARRANZA, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted November 2, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District
Judge.[**]

Lionel Valenzuela-Carranza appeals his jury conviction for attempting to

enter the United States without consent after being removed, in violation of 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]    The Honorable John A. Jarvey, United States District Judge for the Southern
District of Iowa, sitting by designation.

1

U.S.C. § 1326. He also challenges the reasonableness of his sentence.

The evidence demonstrated that Valenzuela-Carranza had the requisite intent required for a conviction under 8 U.S.C. § 1326 because he attempted to reenter at the San Ysidro, California, Port of Entry without first obtaining the Attorney General's permission. 8 U.S.C. § 1326.

The district court adequately considered and explained Valenzuela-Carranza's sentence. It heard arguments from the parties regarding a downward variance from the Sentencing Guidelines range and explicitly considered the factors in 18 U.S.C. § 3553(a). The Court stated that the sentence imposed was sufficient but not greater than necessary to accomplish the goals of sentencing. *See Rita v. United States*, 551 U.S. 338, 358 (2007). There is no heightened obligation to explain a sentence enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Also, Valenzuela-Carranza's conviction for spousal abuse under California Penal Code section 273.5 qualifies as a crime of violence for purposes of the Guidelines section. *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 216 (2010).

The within-Guidelines sentence was substantively reasonable. The district court considered the staleness of Valenzuela-Carranza's prior conviction but noted his more recent criminal history, including a crime of violence to a spouse or

cohabitant. The case is, therefore, unlike *United State v. Amezcua-Vasquez*, 567 F.3d 1050, 1056 (9th Cir. 2009), *reh'g en banc denied*, 586 F.3d 1176 (9th Cir. 2009), where the district judge did not adequately consider the staleness of the defendant's twenty-five-year-old conviction.

Finally, *Almendarez-Torres v. United States*, 523 U.S. 224, 237 (1998), has not been overruled by *Nijhawan v. Holder*, 129 S. Ct. 2294, 2302 (2009); *United States v. Valdovenos-Mendez*, No. 09-50532 (9th Cir. (date of filing), 2010.) Therefore, Valenzuela-Carranza's prior conviction did not have to be proven to a jury beyond a reasonable doubt to result in an increased maximum punishment under § 1326(b).

**AFFIRMED.**