**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fernando SILVA–LOPEZ,**
**Defendant–Appellant.**

**No. 09–50510.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 24, 2011.*

Filed June 3, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew John Gardner, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Fernando Silva–Lopez appeals from the 55–month sentence imposed following his bench-trial conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Silva–Lopez contends that the district court procedurally erred by failing to address his mitigating arguments and for not articulating a rationale for its sentencing decision. The record reflects that the district court considered Silva–Lopez's arguments in mitigation, but found the circumstances insufficient to warrant a sentence below the Guidelines range. *See United States v. Stoterau,* 524 F.3d 988, 999–1000 (9th Cir.2008). The district court provided an adequate explanation for the sentence imposed, and did not otherwise procedurally err. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc). Moreover, the sentence in the middle of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors, and under the totality of the circumstances. *See Gall v. United*

*States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Silva–Lopez's contention regarding the application of a 16–level enhancement for a prior conviction for a crime of violence is foreclosed. *See United States v. Laurico–Yeno,* 590 F.3d 818, 822–23 (9th Cir.2010).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.