NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50510 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02866-JLS |
| v. | |
| FERNANDO SILVA-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Fernando Silva-Lopez appeals from the 55-month sentence imposed

following his bench-trial conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Silva-Lopez contends that the district court procedurally erred by failing to address his mitigating arguments and for not articulating a rationale for its sentencing decision. The record reflects that the district court considered Silva-Lopez's arguments in mitigation, but found the circumstances insufficient to warrant a sentence below the Guidelines range. *See United States v. Stoterau*, 524 F.3d 988, 999-1000 (9th Cir. 2008). The district court provided an adequate explanation for the sentence imposed, and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). Moreover, the sentence in the middle of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors, and under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Silva-Lopez's contention regarding the application of a 16-level enhancement for a prior conviction for a crime of violence is foreclosed. *See United States v. Laurico-Yeno*, 590 F.3d 818, 822-23 (9th Cir. 2010).

**AFFIRMED.**