**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50543 |
| Plaintiff - Appellee, | D.C. No. 3:10-CR-0917-001-JM |
| v. | MEMORANDUM[*] |
| RUBEN ANTONIO VILLATORO-MEDRANO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted November 9, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

Ruben Villatoro-Medrano appeals the sentence imposed by the district court

following his conviction under 8 U.S.C. § 1326. He argues that the court below

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

erred in applying a 16-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2 because it wrongly characterized his 2004 attempted robbery conviction in the District of Columbia (D.C.) as a "crime of violence." Reviewing the district court's application of the Sentencing Guidelines de novo, *United States v. Jennen*, 596 F.3d 594, 600 (9th Cir. 2010), we agree.

First, as interpreted by D.C. courts, 22 D.C. Code § 2801 criminalizes non-violent conduct beyond generic robbery–namely, stealthy seizure or snatching. *See, e.g.*, *Leak v. United States*, 757 A.2d 739, 742 (D.C. App. 2000). Thus, Petitioner's prior conviction under that statute does not categorically qualify as a "crime of violence" for purposes of the sentencing enhancement. *See Taylor v. United States*, 495 U.S. 575, 598 (1990); *United States v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir. 2010) (requiring the sentencing court to focus on "the least egregious end of [the statute's] range of conduct"); *see also United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) (defining "generic" robbery).

Second, those portions of Petitioner's criminal record which are judicially noticeable under a "modified-categorical" analysis do not indicate that Petitioner's guilty plea in 2004 "necessarily admitted" the elements of generic robbery. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). In this case, our inquiry is limited to the criminal information to which Petitioner pled guilty and the

2

judgment of the D.C. Superior Court. *See id.* at 16 ("[A] later court determining the character of an admitted [crime] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."); *see also United States v. Tucker*, 641 F.3d 1110, 1124 (9th Cir. 2011). An examination of these documents does not exclude the possibility that Petitioner was convicted of mere stealthy seizure or snatching. *Cf. Jackson v. United States*, 359 F.2d 260, 262 (D.C. Cir. 1966).

As nothing in the record establishes Petitioner's prior conviction as a "crime of violence," the district court erred in applying a 16-level sentencing enhancement under U.S.S.G. § 2L1.2. Accordingly, Petitioner's sentence is hereby

**VACATED AND REMANDED.**