**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50337 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03954-BEN-1 |
| v. | |
| JORGE GARCIA-NAVARRO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted May 3, 2011
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and COGAN, District
Judge.**

Jorge Garcia-Navarro (Garcia) appeals his conviction for attempted illegal

reentry after prior deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Brian M. Cogan, U.S. District Judge for the Eastern
District of New York, sitting by designation.

Garcia argues that his conviction for domestic abuse under California Penal Code § 273.5 does not qualify as an aggravated felony, and he therefore was improperly placed in expedited removal proceedings. Under 8 U.S.C. § 1101(a)(43)(F), an aggravated felony is defined as any "crime of violence," as defined by 8 U.S.C. § 16(a), when the conviction results in a prison term of more than one year. Garcia was sentenced to two years in state prison for his § 273.5 conviction.

Our recent opinion in *United States v. Ayala-Nicanor*, 659 F.3d 744 (9th Cir. 2011), forecloses Garcia's argument that a conviction under § 273.5 no longer qualifies as a "crime of violence." In *Ayala-Nicanor*, we re-affirmed our prior holding in *United States v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010), that a conviction under § 273.5 qualifies as a "crime of violence" under 8 U.S.C. § 16(a). 659 F.3d at 751–52. The district court properly denied Garcia's motion to dismiss the indictment because Garcia was unable to show that any of the alleged due process defects in his underlying deportation proceeding resulted in prejudice.

Garcia argues that he should not be required to show prejudice because the expedited deportation proceedings deprived him of his right to counsel. As we held in *United States v. Reyes-Bonilla*, prejudice can not be presumed based on the violation of the right to counsel that Garcia asserts, because Garcia had been convicted of an aggravated felony. *United States v. Reyes-Bonilla*, No. 10-50361, __ F.3d __, slip op. 1151, 1173, 2012 WL 360771 at *10 (9th Cir. Feb. 6, 2011) ("We therefore

hold that in order to mount a successful collateral attack on a prior removal order under § 1326(d), an alien who was convicted of an aggravated felony and was not properly advised of his right to counsel or did not waive this right must show that he was actually prejudiced by this due process violation.").

Garcia also argues that the district court should not have applied a sixteen-level sentencing enhancement because none of his prior crimes qualified as crimes of violence. The illegal reentry Sentencing Guidelines' provision recommends a sentencing enhancement of sixteen-levels if a defendant has previously been deported after a felony conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined in the Guidelines commentary as including any offense "under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). *Ayala-Nicanor* again forecloses Garcia's argument, as we explicitly held that a conviction under § 273.5 qualifies as a crime of violence warranting a sixteen-level sentencing enhancement. Because at least one of Garcia's prior crimes

qualified as a crime of violence, the district court properly imposed the sixteen-level sentencing enhancement.[1]

**AFFIRMED.**

---

[1] The district court also concluded that Garcia's prior convictions for assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), and unlawful sexual intercourse with a minor under the age of sixteen, in violation of California Penal Code § 261.5(d), qualified as prior crimes of violence warranting a sixteen-level sentencing enhancement. Because we conclude that Garcia's conviction under § 273.5 qualifies as a crime of violence, we do not reach Garcia's arguments that his other criminal convictions do not qualify.