NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10090 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00490-SI |
| v. | |
| JAIME LOPEZ GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted December 14, 2016**

Before:  WALLACE, LEAVY, and FISHER, Circuit Judges.

Jaime Lopez Gonzalez appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

illegal reentry following removal, in violation of 8 U.S.C. § 1326.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lopez Gonzalez contends that the district court erred by enhancing his sentence on the basis that his prior conviction for willful infliction of corporal injury on a spouse or cohabitant under California Penal Code § 273.5 was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). He acknowledges that this claim is foreclosed by our holding in *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010). However, he argues that this holding has been undermined by *Johnson v. United States*, 135 S. Ct. 2551 (2015). We disagree. *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. *Johnson* did not address section 2L1.2's definition of "crime of violence," which does not have a residual clause. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015). Accordingly, contrary to Lopez Gonzalez's contention, *Johnson* is not "clearly irreconcilable" with our circuit precedent. *See Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

**AFFIRMED.**