**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50047 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01986-W |
| v. | |
| SANTOS VALDOVINO-TORREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Santos Valdovino-Torrez appeals from the district court's judgment and challenges the 77-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Valdovino-Torrez contends that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014), based on his prior conviction for attempted infliction of corporal injury on a spouse/cohabitant, in violation of California Penal Code § 273.5. This argument is foreclosed. *See United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010) (conviction under Cal. Penal Code § 273.5 is a categorical crime of violence under U.S.S.G. § 2L1.2); *see also United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1110 (9th Cir. 2009) (definition of "attempt" under California law is coextensive with federal definition of "attempt" for purposes of Guideline governing 16-level enhancement based on prior crime of violence felony conviction). Contrary to Valdovino-Torrez's contention, the 16-level enhancement was not predicated on a residual clause like that struck down in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Valdovino-Torrez next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Valdovino-Torrez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Valdovino-Torrez's extensive criminal and immigration history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-50047