**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10105 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00984-RM |
| v. | |
| GUSTAVO DAVALOS TRUEBA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Gustavo Davalos Trueba appeals from the district court's judgment and

challenges the 38-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Davalos Trueba contends that the district court erred by enhancing his sentence on the basis that his prior conviction of willful infliction of corporal injury on a spouse or cohabitant under California Penal Code § 273.5 was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014). This claim is foreclosed by *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010). Contrary to Davalos Treuba's claim, *Johnson v. United States*, 135 S. Ct. 2551 (2015) is not "clearly irreconcilable" with this precedent. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

Davalos Trueba also contends that the district court erred in applying the enhancement because his conviction under section 273.5 does not qualify as a felony. This claim is without merit. A violation of section 273.5 is punishable by up to four years of imprisonment. *See* Cal. Penal Code § 273.5(a). It thus meets the definition of "felony." *See* U.S.S.G. § 2L1.2 cmt. n.2 (2014) ("'[F]elony' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.").

**AFFIRMED.**