**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10189 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:17-cr-00141-TLN-1 |
| EDWARD BARQUET, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 4, 2019**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and BOUGH,*** District Judge.

Edward Barquet pleaded guilty to possessing a firearm as a felon, in

violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Barquet's prior conviction for corporal punishment or injury of a child, in violation of California Penal Code ("CPC") § 273d, qualified as a categorical crime of violence under the United States Sentencing Guidelines §§ 2K2.1(a) and 4B1.2(a) and applied an increased base offense level. Barquet appeals his sentence and argues that his prior conviction should not qualify as a crime of violence. Barquet also argues that the district court committed procedural error by failing to explain its reasoning for rejecting his request for a variance and imposing a Guidelines fine.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a state conviction qualifies as a "crime of violence" under the Guidelines. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1174 (9th Cir. 2017) (en banc). We review the district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We hold that Barquet's conviction under CPC § 273d is a crime of violence and affirm his sentence of imprisonment. We vacate the fine and remand to the district court for resentencing with respect to the imposition of a fine.

## I.

"In order to determine whether a conviction qualifies as a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1), we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)." *United States v. Perez*,

932 F.3d 782, 784 (9th Cir. 2019). Under this approach we look "to the state statute defining the conviction," and require "'the full range of conduct covered by the state statute [to] fall within the scope of the'" Guidelines. *United States v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir. 2010) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1099–1100 (9th Cir. 2004)).

Corporal punishment or injury of child, in violation of CPC § 273d, makes it a felony to "willfully inflict[] upon a child any cruel or inhuman corporal punishment or an injury resulting in a traumatic condition." Under California law, "willful infliction" requires "'a direct application of force on the victim by the defendant.'" *Laurico-Yeno*, 590 F.3d at 821 (quoting *People v. Jackson*, 91 Cal. Rptr. 2d 805, 810 (Ct. App. 2000)). A "traumatic condition" is "a condition of the body, such as a wound or external or internal injury, whether of a minor or a serious nature, caused by a physical force." *People v. Gutierrez*, 217 Cal. Rptr. 616, 620 n.6 (Ct. App. 1976) (citing Cal. Jury Inst., Crim. 9.35). Thus, a violation of CPC § 273d requires a willful infliction of an injury resulting in a traumatic condition.

In *Laurico-Yeno*, this court held that a similar offense, corporal injury on a spouse or cohabitant, in violation of CPC § 273.5, is a categorical crime of violence. 590 F.3d at 823. The court concluded that a defendant could be convicted under CPC § 273.5 "only if he or she intentionally uses 'physical force

against the person of another.'" *Id.* at 821 (quoting U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)). The elements of CPC §§ 273d and 273.5 are essentially identical. *Compare* CPC § 273d(a) ("willfully inflicts . . . any cruel or inhuman corporal punishment or an injury resulting in a traumatic condition"), *with* CPC § 273.5(a) ("willfully inflicts corporal injury resulting in a traumatic condition"). Therefore, we conclude that a violation of CPC § 273d is a categorical crime of violence.

Barquet argues that because CPC § 237d contains a built-in parental discipline defense, allowing a parent to "reasonably" discipline a child, this statute criminalizes negligent conduct and therefore does not qualify as a categorical crime of violence. Although the parental discipline defense allows reasonable corporal punishment of a child, it does not alter the mens rea element of the offense, which requires *willful* infliction of an injury resulting in a traumatic condition. Under this defense, unnecessary and excessive discipline remain unlawful. Therefore, we reject Barquet's argument that a conviction under CPC § 273d can be based on negligent conduct. We conclude that a conviction under CPC § 273d qualifies as a categorical crime of violence and affirm Barquet's sentence of imprisonment.

## II.

Barquet argues that the district court erred by failing to explain its reasoning for rejecting his request for a variance and imposing a Guidelines fine. The

government concedes that the district court erred by failing to address Barquet's argument for a downward variance of the fine. We agree. *See Carty*, 520 F.3d at 988, 992–93. Accordingly, we vacate the fine and remand for resentencing with respect to the imposition of a fine.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**