**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO TRUJILLO HERRERA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-70710 <br><br> Agency No. A216-080-534 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2021[**]
San Francisco, California

Before:  WALLACE, NGUYEN, and COLLINS, Circuit Judges.

Alejandro Trujillo Herrera, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") affirming the

immigration judge's ("IJ") denial of his applications for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. Trujillo Herrera does not challenge the BIA's order with respect to his applications for asylum or CAT relief. He also seeks review of the BIA's affirmance of the IJ's pretermission of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1. Trujillo Herrera has failed to exhaust his argument that his Notice Appear ("NTA") failed to vest jurisdiction with the immigration court because it lacked the address of the immigration court in which the NTA was *filed*, as required by 8 C.F.R. § 1003.15(b)(6). Trujillo Herrera unsuccessfully argued to the IJ and the BIA that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), his NTA was infirm as lacking the place, date, and time of his initial removal *hearing*. Now, he argues that his NTA was infirm as lacking the address of the immigration court in which the NTA was filed, as required by 8 C.F.R. § 1003.15(b)(6) and a certificate of service with the same information as required by 8 C.F.R. § 1003.14(a). This argument was not before the BIA, and so this aspect of the petition is dismissed. *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004) ("[T]his court has jurisdiction over an order of removal only if 'the alien has exhausted all administrative remedies available to the alien as of right,'" which "require[s] an

alien to exhaust his or her claims by raising them on direct appeal to the BIA.") (quoting 8 U.S.C. § 1252(d)(1)).

2. The IJ did not err by pretermitting Trujillo Herrera's cancellation of removal application, because Trujillo Herrera's conviction under California Penal Code § 273.5(a) is a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i). Under 8 U.S.C. § 1229b(b)(1)(C), any noncitizen convicted of a crime of domestic violence is ineligible for cancellation of removal. "'[C]rime of domestic violence' means any crime of violence (as defined in [18 U.S.C. § 16]) against a person committed by" a domestic partner. 8 U.S.C. § 1227(a)(2)(E)(i). Contrary to Trujillo Herrera's arguments, "[Section] 273.5(a) is categorically a crime of violence under 18 U.S.C. § 16(a)." *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1085 (9th Cir. 2010). The conduct criminalized by section 273.5(a) "fits squarely within the term by requiring the deliberate use of force that injures another." *United States v. Laurico-Yeno*, 590 F.3d 818, 822 (9th Cir. 2010).

3. Trujillo Herrera argues that the IJ and the BIA failed to analyze the cognizability of the proposed social groups "young men from San Ramon," "family," and "imputed gang member." Substantial evidence supports the IJ's finding that Trujillo Herrera has not proven a nexus to any of these groups, because he has not shown that the two attacks he suffered in Mexico were "due to any protected ground he articulated." Trujillo Herrera does not challenge the IJ's

3

nexus finding. Even assuming any of Trujillo Herrera's groups are cognizable, if there is no nexus Trujillo Herrera is not eligible for withholding. Neither the IJ nor the BIA was required to perform its analysis in any particular order. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Moreover, the record does not compel the conclusion that Trujillo Herrera was subject to past harm or is more likely than not to be subject to future harm on the basis of membership in any of his proposed groups.

4.      The panel does not have jurisdiction to review the BIA's affirmance of the IJ's denial of voluntary departure. The BIA affirmed only the IJ's discretionary determination that Trujillo Herrera's criminal history outweighed any positive equities. "Our review is limited to the ground adopted by the BIA." *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011) *overruled on other grounds by Moncrieffe v. Holder*, 569 U.S. 184 (2013). "[B]ecause the BIA affirmed based on the IJ's discretionary denial, we do not have jurisdiction to review [Trujillo Herrera's] challenge to the denial of voluntary departure." *Id.* (citing 8 U.S.C. § 1252(a)(2)(B)(i)). This aspect of the petition is dismissed.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

4