**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

STEVEN GERARD WALKER,
*Defendant-Appellant*.

No. 18-10211

D.C. No.
1:16-cr-00088-LJO-SKO-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 24, 2019
San Francisco, California

Filed March 20, 2020

Before: Michael J. Melloy,[*] Jay S. Bybee, and N. Randy
Smith, Circuit Judges.

Opinion by Judge Bybee

---

[*] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a criminal judgment in a case in which the defendant, who pleaded guilty to being a felon in possession of a firearm, challenged the application of a fifteen-year-minimum sentencing enhancement under the Armed Career Criminal Act (ACCA) based on his 1998, 1999, and 2014 domestic-violence convictions under California Penal Code § 273.5.

The defendant argued that his § 273.5 convictions do not qualify as categorical violent felonies under the ACCA. The panel held that this contention is foreclosed by *United States v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010); *Banuelos-Ayon v. Holder*, 611 F.3d 1080 (9th Cir. 2010); and *United States v. Ayala-Nicanor*, 659 F.3d 744 (9th Cir. 2011). Because no Supreme Court or en-banc opinion from this court has obviously limited or otherwise abrogated those decisions, and because the defendant did not show that California law regarding § 273.5 has changed, the panel reaffirmed *Laurico-Yeno* and its progeny.

The defendant also argued that the Sixth Amendment requires a jury, not a sentencing judge, to find that a defendant's prior convictions were for crimes on different occasions, and that the district court therefore transgressed the Sixth Amendment by deciding that the defendant had committed three separate felonies. The panel held that this

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

argument is foreclosed by *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), which held that a sentencing judge may find the dates of prior offenses in deciding if a defendant has committed three or more violent felonies. The panel explained that because *Mathis v. United States*, 136 S. Ct. 2243 (2016), only proscribed judges from determining whether a given factual scenario substantively qualifies as a predicate offense, *Grisel* is not clearly irreconcilable with *Mathis*'s reasoning or theory.

## COUNSEL

Peggy Sasso (argued), Assistant Federal Defender; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Fresno, California; for Defendant-Appellant.

Ross Pearson (argued), Assistant United States Attorney, Camil A. Skipper, Appellate Chief; McGregor W. Scott, United States Attorney; United States Attorney's Office, Fresno, California; for Plaintiff-Appellee.

## OPINION

BYBEE, Circuit Judge:

Defendant Steven Walker challenges the application of a fifteen-year-minimum sentencing enhancement under the Armed Career Criminal Act (ACCA) to his sentence for being a felon in possession of a firearm. He makes two arguments. First, he says that his predicate domestic-violence convictions do not qualify as categorical violent felonies under the ACCA. Second, he claims that the district court

transgressed the Sixth Amendment by deciding that Walker had committed three separate felonies. Walker's assertions, however, are foreclosed by precedent. As such, we affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

Walker was found in possession of a firearm. He had three prior felony convictions for "willfully inflict[ing] corporal injury" on a spouse or cohabitant in violation of California Penal Code § 273.5. His three prior convictions occurred in 1998, 1999, and 2014.

Walker pleaded guilty to being a felon in possession of a firearm. But he did not admit to having been convicted of three separate incidents violating § 273.5. The United States presented certified copies of the prior judgments. The district court determined that Walker had been previously convicted of three separate violent felonies, requiring that he be sentenced to a mandatory-minimum fifteen-year sentence under the ACCA. *See* 18 U.S.C. § 924(e)(1). He appeals this sentence.[1]

## II.  DISCUSSION

Walker raises two issues concerning his sentence. First, he claims that his three prior convictions under California Penal Code § 273.5 do not qualify as a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). Second, he argues

---

[1] We review de novo a district court's determination that a prior conviction qualifies as a "violent felony" under the ACCA. *United States v. Walton*, 881 F.3d 768, 770–71 (9th Cir. 2018). Constitutional questions are also reviewed de novo. *United States v. Holden*, 908 F.3d 395, 399 (9th Cir. 2018).

that it was error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the district court to have determined that his prior convictions were separate incidents, and that such determination had to be made by a jury. We will consider each in turn.

A. *Convictions Under § 273.5 Constitute a Categorical "Violent Felony"*

The ACCA makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm . . . ." 18 U.S.C. § 922(g)(1). Any person who violates § 922(g)(1) "and has three previous convictions . . . for a violent felony" shall be imprisoned for a minimum of fifteen years. *Id*. § 924(e)(1). A prior conviction may qualify as a "violent felony" only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Walker contends that his convictions under § 273.5 cannot qualify because intent to harm the victim is not an element of that crime.[2] Specifically, he points to several California cases speaking to how convictions may be obtained under various assault-and-battery statutes without showing an intent to harm the victim.

Walker's argument, however, collides headlong with our precedents. In *United States v. Laurico-Yeno*, we determined that § 273.5 was a "crime of violence" for the purposes of U.S. Sentencing Guideline § 2L1.2(b)(1)(A). 590 F.3d 818,

---

[2] Section 273.5 provides in relevant part: "Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim . . . is guilty of a felony." Cal. Penal Code § 273.5(a).

821–23 (9th Cir. 2010). That provision increases a sentence if the defendant committed three or more "crimes of violence." U.S. Sentencing Guidelines Manual § 2L1.2(b)(3)(E) (U.S. Sentencing Comm'n 2018). "Crime of violence" in the Sentencing Guidelines is defined identically to the phrase "violent felony" in the ACCA: "[a]ny other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id*. § 2L1.2 cmt. n.2. We therefore emphasized in *Laurico-Yeno* how § 273.5 punishes a "person who willfully inflicts" injury upon a cohabitant "where willfully is a synonym for intentionally." 590 F.3d at 821.

In *Banuelos-Ayon v. Holder*, we held that § 273.5 "is a categorical crime of violence" for the purposes of 18 U.S.C. § 16(a), which has language identical to § 924(e)(1) and U.S.S.G. § 2L1.2 Application Note 2. 611 F.3d 1080, 1086 (9th Cir. 2010). We specifically noted that under § 273.5 a defendant must "willfully inflict[] . . . a *direct application of force* on the victim." *Id.* at 1084 (emphasis in original) (quoting *People v. Jackson*, 91 Cal. Rptr. 2d 805, 810 (Cal. Ct. App. 2000)).

We reaffirmed both *Laurico-Yeno* and *Banuelos-Ayon* in *United States v. Ayala-Nicanor*, 659 F.3d 744, 753 (9th Cir. 2011). Ayala argued that *Johnson v. United States*, 559 U.S. 133 (2010), undermined *Laurico-Yeno* because even a "slight touching" might constitute domestic violence under § 273.5. *Ayala-Nicanor*, 659 F.3d at 749–50. We were not persuaded by the argument that several California Court of Appeal decisions showed minor touching could violate § 273.5. *Id.* at 750. We explained that *Laurico-Yeno* had determined that minimal touching could not give rise to a conviction under

§ 273.5. *Id.* at 749–50. We concluded that "nothing in *Johnson* undermines the validity of *Laurico-Yeno*, a conclusion we already reached in *Banuelos-Ayon*, and that we reaffirm today." *Id.* at 752.

We find no grounds to depart from our prior reading of § 273.5 here.[3] As a three-judge panel, "[w]e will not overrule the decision of a prior panel of our court absent an en banc proceeding, or a demonstrable change in the underlying law." *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1070 (9th Cir. 2015). A panel may find controlling circuit precedent overruled when "the reasoning or theory of our prior circuit authority is *clearly irreconcilable* with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (emphasis added). Generic assertions that our precedents are inconsistent with higher authority will not do: "It is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (citations omitted). Instead, "[t]he intervening higher precedent must be 'clearly inconsistent' with the prior circuit precedent." *Id.*

No Supreme Court or en-banc opinion from our court has obviously limited or otherwise abrogated our decisions in

---

[3] Walker also asserts that interpretations of California's general assault-and-battery statutes are applicable here because § 273.5 is just another battery statute and simple battery could include non-violent touching. We considered and rejected this argument in *Laurico-Yeno*. 590 F.3d at 822. In that case we found this argument lacking and concluded that § 273.5 penalizes domestic violence with "intentional use of force that results in a traumatic condition." *Id.*

*Laurico-Yeno*, *Ayala-Nicanor*, or *Banuelos-Ayon*. Nor has Walker shown that California law regarding § 273.5 has changed. We therefore reaffirm *Laurico-Yeno* and its progeny.

B.  *A Sentencing Judge May Determine the Number of Prior Convictions*

We turn next to Walker's contention that the Sixth Amendment forbids a sentencing judge from determining whether prior convictions occurred on separate occasions. For Walker to receive the fifteen-year mandatory minimum under the ACCA, he must have had "three previous [violent felony] convictions . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Walker asserts that the Sixth Amendment requires a jury, not a sentencing judge, to find that a defendant's prior convictions were for crimes committed on different occasions. But, once again, Walker's argument is foreclosed by circuit precedent.

Under *Apprendi*, facts that increase the penalty of a conviction must be found by the jury beyond a reasonable doubt. 530 U.S. at 490. However, a sentencing judge may find "the fact of a prior conviction" and enhance the sentence accordingly. *Id.* The specific issue here is whether a judge can find that each conviction was a "separate" incident for the purposes of applying the ACCA.

We previously held that a sentencing judge may find the dates of prior offenses in deciding if a defendant has committed three or more violent felonies. *See United States v. Grisel*, 488 F.3d 844, 845–47 (9th Cir. 2007) (en banc), *abrogated-in-part on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018). *Grisel* rejected the argument that the

sentencing judge's finding the dates of a given offense fell "outside [*Apprendi*'s] prior-conviction exception." *Id.* at 846. We explained that "the date of the offense" is a fact determinable on "the face of the document demonstrating Defendant's prior conviction." *Id.* at 847. Hence, the date of the offense is intimately connected with the fact of a prior conviction. *Id.* As we noted in *Grisel*, our decision accorded with the decisions of no fewer than six circuits. *See id.* n.1; *see, e.g.*, *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004) ("[T]he 'different occasions' requirement of § 924(e) cannot be significantly distinguished from 'the fact of a prior conviction.'"). And, since *Grisel*, at least one other circuit has found no Sixth Amendment problem with a sentencing judge determining whether a defendant's prior convictions were for crimes committed on separate occasions. *See, e.g.*, *United States v. Blair*, 734 F.3d 218, 228 (3d Cir. 2013) (rejecting the argument that a jury must find the dates of prior convictions and collecting cases explaining the same).

To get around *Grisel*, Walker claims that the case has been implicitly overruled by *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016). Specifically, he points to discussions in *Mathis* explaining that a "non-elemental fact" cannot be used to enhance sentences under the ACCA. Thus, he asserts that because the dates of his prior convictions are non-elemental facts, they cannot be considered by the sentencing judge for the purposes of applying the ACCA.

Context, however, shows that *Mathis* is not so encompassing as to abrogate *Grisel*. The only issue in *Mathis* was whether judges could determine if a crime was an ACCA predicate for statutes "enumerat[ing] various factual means of committing a single element" of a given crime—i.e., whether the categorical approach could apply to these types of

statutes. *Mathis*, 136 S. Ct. at 2249. The Supreme Court's concern was that judges would necessarily consider the facts *underlying the offense*—an approach antithetical to ACCA jurisprudence. *Id.* at 2251. In line with the Court's prior holdings, *Mathis* concluded that "a sentencing judge may look only to 'the elements of the [offense], not to the facts of [the] defendant's conduct'" in determining whether the state-law conviction was an ACCA predicate. *Id.* (alterations in original). *Mathis*, therefore, only proscribed judges from determining whether a given factual scenario substantively qualifies as a predicate offense. *See id.* at 2252 ("[A] judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense."). *Mathis* did not speak to courts looking at dates of conviction.

With no on-point discussion in *Mathis* regarding how judges determine the number of prior offenses, Walker fails to show that *Grisel* "is clearly irreconcilable with [*Mathis*'s] reasoning or theory." *Miller*, 335 F.3d at 893. To the extent that *Mathis* expresses broader disfavor of factual determinations by sentencing judges, it is not clear whether and how this disfavor extends beyond determining that a given state-law crime is an ACCA predicate. *See United States v. Dunn*, 728 F.3d 1151, 1156 (9th Cir. 2013) ("Although the circuit opinion need not be expressly overruled by the Supreme Court, both the circuit and Supreme Court cases must be 'closely on point.'" (quoting *Miller*, 335 F.3d at 899)). Pointing to "'some tension' between [stray statements in *Mathis*] and prior circuit precedent" is not enough for the panel to consider *Grisel* overruled. *Lair*, 697 F.3d at 1207. In finding that Walker had been convicted of three or more violent felonies, the sentencing judge needed to look no further than the face

of the certified judgments to determine these convictions were for distinct acts. *See United States v. Harris*, 447 F.3d 1300, 1304 (10th Cir. 2006) ("The time, place, and substance of the prior convictions can ordinarily be ascertained from court records associated with those convictions, and the Supreme Court has held that the Constitution allows sentencing courts to rely on such records to make findings about prior convictions."); *accord United States v. Thompson*, 421 F.3d 278, 282–83 (4th Cir. 2005) (explaining that the "date, statutory violation, and the like" are "as much a part of the conviction as the fact that twelve jurors agreed about the defendant's guilt"); *United States v. Santiago*, 268 F.3d 151, 156 (2d Cir. 2001) (Sotomayor, J.) ("[W]e read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well."). Thus, per *Grisel*, the district court did not err in making a finding that Walker committed three separate offenses.

## III. CONCLUSION

Despite his best efforts, Walker has failed to demonstrate that our prior decisions are obviously inconsistent with intervening Supreme Court opinions. We therefore cannot and will not declare our prior precedents causa non grata. The judgment is

**AFFIRMED.**