NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>LLOYD GEORGE KENNEY,<br><br>        Defendant-Appellant. | No.  20-16332<br><br>D.C. Nos.<br>1:12-cr-266-AWI<br>1:19-cv-647-AWI<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted July 27, 2021
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District Judge.

In 2015, a jury found defendant-appellant Lloyd George Kenney guilty of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). Ordinarily, the maximum sentence for a § 922(g) offense is ten years' imprisonment. 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

§ 924(a)(2). But 18 U.S.C. § 924(e)(1), a portion of the Armed Career Criminal Act ("ACCA"), provides that "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years." The probation officer who prepared Kenney's presentence investigation report ("PSR") reasoned that Kenney was subject to this fifteen-year minimum given three of his prior convictions: his 1984 and 1985 federal convictions for bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and his 1974 state conviction for kidnapping, in violation of California Penal Code ("CPC") § 207. Kenney's lawyer did not challenge the PSR at sentencing. And the district court adopted it, finding that Kenney was subject to the fifteen-year minimum for his three prior violent felonies. Based on that finding and other aggravating factors under the Sentencing Guidelines, the district court imposed a 235-month sentence for Kenney's § 922(g) offense.

On direct appeal, Kenney argued that he does not have three prior violent felonies since, in his view, § 207 does not require the use of violent force as an element of the offense. *United States v. Kenney*, 724 F. App'x 551, 555 (9th Cir. 2018). (He does not contend that his federal bank robbery convictions were not violent felonies. *See United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (holding that violation of 18 U.S.C. § 2113(a) & (d) is categorically a violent felony).) Thus, he said, his sentence was invalid because it lacked a third ACCA

2

predicate. *Kenney*, 724 F. App'x at 555; *see also Johnson v. United States*, 576 U.S. 591 (2015). But because Kenney had not preserved that objection below, we reviewed only for plain error. *Kenney*, 724 F. App'x at 555. Because § 207's text explicitly requires that the defendant commit the asportation "forcibly," we held that even if the district court had committed error at sentencing, such error was not "plain." *Id.* So we affirmed. *Id.* at 556.

Kenney then moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his sentencing lawyer was constitutionally ineffective for having failed to argue that § 207 kidnapping does not require violent force as an element of the offense. The district court held that § 207 kidnapping in fact does require violent force, so it denied his § 2255 motion. Kenney appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's determination that a prior conviction qualifies as a "violent felony" under the ACCA de novo. *United States v. Walker*, 953 F.3d 577, 578 n.1 (9th Cir. 2020). We also review claims of ineffective assistance of counsel de novo. *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012).

To succeed on an ineffective-assistance claim, Kenney must show both that his sentencing lawyer's performance was deficient and that Kenney was thereby prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Kenney has failed to make either showing. His information reveals that he pleaded guilty to

3

competent-adult kidnapping under § 207. And competent-adult kidnapping in 1974 required violent force as an element of the offense, making it a valid ACCA predicate. *Cf. Stokeling v. United States*, 139 S. Ct. 544, 550 (2019) (requiring that violent force simply be force sufficient to overcome the victim's resistance, however slight that resistance). We explain these points below.

Tracking the language of § 207, Kenney's information charged Kenney with "the crime of KIDNAPING, in violation of Section 207, Penal Code, a felony, committed as follows: That the said LLOYD GEORGE KENNEY on or about the 26th day of February, 1974 . . . did willfully, unlawfully and feloniously and forcibly steal, take and arrest . . . William J. Bessant, and carry said William J. Bessant into another County of the State of California, to wit, the County of Ventura." Kenney pleaded guilty to this charge in September 1974.

Kenney now says that his resultant conviction did not require violent force for two reasons. First, he says, California courts accept less-than-violent force under § 207 when the victim is a child or an adult legally incompetent to consent. Second, he says, even when the victim is a competent adult, California courts have upheld § 207 convictions for false arrest when the defendant captures the victim with mere suasion or a mere show of authority and without the use of violent force.

Neither argument is persuasive. Section 207 is divisible, and child-or-incompetent-adult kidnapping under § 207 is not the offense to which Kenney

4

pleaded guilty. The California Supreme Court's *Oliver* decision in 1961 held that when the kidnapping victim is a child or an incompetent adult, the prosecution must prove an additional element—that the defendant had an "illegal purpose" or an "illegal intent" when performing the caption and asportation. *People v. Oliver*, 361 P.2d 593, 596 (Cal. 1961); *see also In re Michele D.*, 59 P.3d 164, 172 (Cal. 2002) (noting that *Oliver* made "having an illegal purpose or intent . . . an element of the offense"). By contrast, competent-adult kidnapping under § 207 does not require proof of this element. *See People v. Rhoden*, 492 P.2d 1143, 1147–48 (Cal. 1972). Thus, child-or-incompetent-adult kidnapping is a distinct offense, since it necessarily requires proof of an additional and different fact than does competent-adult kidnapping. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). So the level of force that California courts require for the caption and asportation of a child or an incompetent adult is not relevant to Kenney's § 207 conviction.

Indeed, the *Shepard* documents reveal that Kenney pleaded guilty to competent-adult kidnapping. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). His charging document tracks exactly the elements that the California Supreme Court had explained were required to convict a defendant of "general" competent-adult kidnapping. *See Rhoden*, 492 P.2d at 1147–48. By contrast, it mentions nothing about an "illegal purpose" or an "illegal intent." So the relevant *Shepard* document gives us no reason to believe that Kenney was charged with kidnapping

5

a child or an incompetent adult. *See People v. Randazzo*, 310 P.2d 413, 417 (Cal. 1957) (explaining that a charging document must contain the "essential elements of the offense").

Having established that Kenney was convicted of competent-adult kidnapping, the only remaining question is whether that version of the offense categorically requires the use of force sufficient to overcome the victim's resistance.[1] It does, and Kenney's counterarguments are unavailing. *People v. Fick*, 26 P. 759 (Cal. 1891), is not persuasive, since it never details the level of force the defendant used. Thus, it does not define the "outer contours" of a § 207 offense. *Cf. United States v. Walton*, 881 F.3d 768, 771–72 (9th Cir. 2018). Moreover, the California Supreme Court has held that the threat of arrest implicitly carries with it the threatened use of violent force. *See People v. Stephenson*, 517 P.2d 820, 825 (Cal. 1974); *People v. Majors*, 92 P.3d 360, 366–67 (Cal. 2004). Kenney's false-

---

[1] We held in *Delgado-Hernandez v. Holder* that California's present-day version of § 207 is not categorically a crime of violence under the elements clause of 18 U.S.C. § 16(a). 697 F.3d 1125, 1127 (9th Cir. 2012). Section 207 currently provides that "[e]very person who forcibly, *or by any other means of instilling fear*, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping." CPC § 207(a) (emphasis added). Because the statute thus includes kidnapping by "any means of instilling fear," we held that § 207 does not categorically require as an element the use of force. *Delgado-Hernandez*, 697 F.3d at 1127. But since the 1974 version of the statute to which Kenney pleaded guilty did not contain that italicized language, *Delgado-Hernandez* does not control here.

6

authority-arrest argument thus fails on its own terms. *People v. Broyles* is likewise unpersuasive, since the defendants in that case hit a woman whom they would soon rape as they transported her in the back of their car—a clear use of violent force. 311 P.2d 88, 89 (Cal. Dist. Ct. App. 1957).

California Supreme Court cases decided shortly before Kenney's § 207 conviction further dispel his claim that § 207 competent-adult kidnapping did not require violent force. *Rhoden*, decided two years before Kenney's plea, held that a defendant could violate § 207 only with "the use or threat of force." 492 P.2d at 1148. Thus, mere fraud was held to be insufficient. *Id.* Likewise, *Stephenson*, decided just months before Kenney's plea, reversed two § 207 competent-adult kidnapping convictions when the State had proven fraud alone. 517 P.2d at 825. By contrast, it upheld another conviction in the same case when the State had proven that the defendant physically forced a resisting woman back into his vehicle. *Id.* at 823, 825. These cases decisively refute Kenney's claim that § 207 competent-adult kidnapping did not categorically require the use of violent force in 1974.

Because Kenney's offense thus categorically required violent force, any *Johnson* challenge would have been meritless. Kenney's counsel had no duty to make a meritless objection, and Kenney suffered no prejudice when counsel failed to do so. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

Because Kenney's § 207 conviction is a valid ACCA predicate, we do not reach whether CPC §§ 211 and 12022.5, when combined, create a categorically violent felony. Kenney's other arguments are without merit.

We therefore **AFFIRM** the district court's denial of Kenney's § 2255 motion.