NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10368 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00275-DAD-SKO-1 |
| v. | |
| EDGAR BARRERA, AKA Cito, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted March 16, 2022
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,** District Judge.
Concurrence by Judge FEINERMAN.

Edgar Barrera pleaded guilty to one count of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). He had three prior convictions for

domestic battery under California Penal Code § 273.5. The district court found

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

that those three convictions were for "violent felon[ies] … committed on occasions different from one another," and therefore sentenced him to the mandatory minimum fifteen-year prison term under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Barrera appeals his sentence. We review *de novo* whether a state conviction qualifies as a violent felony under the ACCA, whether the district court's factfinding regarding the timing of Barrera's prior offenses violated his Sixth Amendment jury trial right, and whether those prior offenses in fact were committed on different occasions. *See United States v. Walker*, 953 F.3d 577, 578 n.1 (9th Cir. 2020); *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998). We review the district court's underlying factual findings for clear error. *See United States v. Gardenhire*, 784 F.3d 1277, 1280 (9th Cir. 2015). We affirm.

**1.** We held in *Walker* that domestic battery under § 273.5 is a violent felony for ACCA purposes. *See Walker*, 953 F.3d at 579-80. As a three-judge panel, we must adhere to that holding unless an "intervening higher authority" has "undercut the theory or reasoning … in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Barrera points to *Borden v. United States*, 141 S. Ct. 1817 (2021), but that decision is not clearly irreconcilable with *Walker*.

2

*Borden* held that an offense cannot "count as a 'violent felony' [for ACCA purposes] if it requires only a *mens rea* of recklessness." *Id*. at 1821-22 (plurality opinion).[1] That holding followed from the ACCA's elements clause, which defines "violent felony" to include a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). *Borden* reasoned that the word "against" "introduc[es] the conscious object (not the mere recipient) of the force," which means "the clause covers purposeful and knowing acts, but excludes reckless conduct." 141 S. Ct. at 1826.

Barrera's prior convictions fall within *Borden*'s interpretation of the ACCA's elements clause because a person convicted of violating § 273.5 must "willfully inflict a direct application of force on the victim," "where willfully is a synonym for intentionally." *Walker*, 953 F.3d at 579 (alterations and emphasis omitted) (first quoting *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1084 (9th Cir. 2010); then quoting *United States v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir.

---

[1] For purposes of this appeal, we assume that Justice Kagan's plurality opinion in *Borden* is controlling under *Marks v. United States*, 430 U.S. 188 (1977). *See Lair v. Bullock*, 798 F.3d 736, 747 (9th Cir. 2015) ("With no majority opinion, [a Supreme Court decision] cannot serve as the requisite 'controlling authority' capable of abrogating our precedent."); *Lair v. Bullock*, 697 F.3d 1200, 1204-06 (9th Cir. 2012) (conducting a *Marks* analysis to decide whether a splintered Supreme Court decision produced a "majority" opinion that abrogated circuit precedent).

2010)). In other words, § 273.5 requires that a defendant "consciously deployed" force "opposed to or directed at" the victim. *Borden*, 141 S. Ct. at 1827. *Walker* therefore is not clearly irreconcilable with *Borden*, and we accordingly remain bound by *Walker*'s holding that a violation of § 273.5 is a "violent felony" under the ACCA.

**2.** The district court did not violate Barrera's Sixth Amendment jury trial right by making a finding—that his prior § 273.5 offenses occurred on different occasions—that increased his maximum sentence. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, in general, a jury must find "any fact that increases the penalty for a crime beyond the prescribed statutory maximum"). But for the ACCA's fifteen-year mandatory minimum, Barrera's maximum sentence would have been ten years. *See* 18 U.S.C. § 924(a)(2).

A sentencing court "cannot[] rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence." *Descamps v. United States*, 570 U.S. 254, 270 (2013); *see also Mathis v. United States*, 579 U.S. 500, 511 (2016) ("[A] judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense."). That prohibition has a "narrow exception[]" for "the fact of a defendant's a prior conviction." *United States v. Haymond*, 139 S. Ct. 2369, 2377 n.3 (2019) (plurality opinion) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). We held in *Walker* that

4

the exception authorizes "a sentencing judge [to] find the dates of prior offenses in deciding if a defendant has committed three or more violent felonies." 953 F.3d at 580 (citing *United States v. Grisel*, 488 F.3d 844, 845-47 (9th Cir. 2007) (en banc), *abrogated in part on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018)).

Barrera argues that this aspect of *Walker* cannot be reconciled with the Supreme Court's decisions in *Descamps* and *Mathis*. But *Walker* postdates those Supreme Court decisions, so it remains binding here. *See Miller*, 335 F.3d at 900.

**3.** The district court did not err in determining that Barrera's prior § 273.5 offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Barrera was convicted twice in 2010 and once in 2015. Relying on charging documents alleging that his first two domestic battery offenses occurred "[o]n or about December 25, 2009," and "[o]n or about April 12, 2010," respectively, the district court found that all three prior offenses "occur[red] on different dates." That was not clear error.

Barrera suggests that his two 2010 convictions theoretically could have arisen from conduct that occurred on the same day because California law does not require a charging document's allegations to match the offense's actual date. But the district court reasonably could have inferred from the fact that the offenses were separately charged months apart that they were committed on different days.

5

*Cf. People v. Goolsby*, 363 P.3d 623, 624 (Cal. 2015) (noting that California law "generally requir[es] all offenses involving the same act or course of conduct to be prosecuted in a single proceeding"). It follows that the district court correctly held that Barrera's three prior offenses occurred on separate occasions for ACCA purposes. *See Wooden v. United States*, 142 S. Ct. 1063, 1070-71 (2022) (explaining that although the separate-occasions analysis is "multi-factored," "[c]ourts … have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart"); *see also United States v. Lewis*, 991 F.2d 524, 526 (9th Cir. 1993) (holding that crimes committed three days apart took place on separate occasions).

**AFFIRMED.**



FILED

APR 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEINERMAN, District Judge, concurring:

The panel faithfully applies circuit precedent that forecloses Barrera's Sixth Amendment challenge to his sentence. *See United States v. Walker*, 953 F.3d 577, 580 (9th Cir. 2020); *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (en banc), *abrogated in part on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018)). No intervening higher authority has abrogated that precedent. *See Wooden v. United States*, 142 S. Ct. 1063, 1068 n.3 (2022) (declining to consider "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion"). The panel's disposition of the Sixth Amendment issue accordingly is correct.

I write separately, however, to note that *Walker* and *Grisel* are difficult to reconcile with the Supreme Court's admonition that a sentencing judge evaluating whether a defendant's prior offenses qualify as ACCA predicate offenses "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." *Mathis v. United States*, 579 U.S. 500, 511-12 (2016). California Penal Code § 273.5 does not include the date of offense as an element. It seems to follow, then, that the dates set forth in Barrera's charging documents are "amplifying but legally extraneous circumstances," and therefore that they "cannot license a later sentencing court to impose extra

punishment." *Descamps v. United States*, 570 U.S. 254, 270 (2013); *see also*

*United States v. Haymond*, 139 S. Ct. 2369, 2381 (2019) (plurality opinion) ("A

mandatory minimum … sentence that comes into play *only* as a result of additional

judicial factual findings by a preponderance of the evidence cannot stand."); *id*. at

2386 (Breyer, J., concurring) ("[I]n an ordinary criminal prosecution, a jury must

find facts that trigger a mandatory minimum prison term.").

Given the apparent conflict between circuit law and Supreme Court

precedent, this case may be an appropriate candidate for further review, whether by

the en banc court, *see* Fed. R. App. P. 35(a)(1), or the Supreme Court, *see Wooden*,

142 S. Ct. at 1087 n.7 (Gorsuch, J., concurring in the judgment) (noting that "there

is little doubt" the Supreme Court will consider the Sixth Amendment question

"soon").