**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALLEN K. TAGATAC,
*Defendant-Appellant.*

No. 21-10133

D.C. Nos.
1:20-cr-00063-JAO-1
1:20-cr-00063-JAO

OPINION

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Argued and Submitted April 14, 2022
San Francisco, California

Filed June 10, 2022

Before: Jay S. Bybee and Ryan D. Nelson, Circuit Judges,
and Susan R. Bolton,* District Judge.

Opinion by Judge R. Nelson

---

*The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

# SUMMARY**

## Criminal Law

The panel affirmed a sentence in a case in which the defendant challenged his designation as a career offender under U.S.S.G. § 4B1.1(a)(3), arguing that an earlier Hawai'i state conviction for second-degree robbery does not qualify as a crime of violence under the categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990).

The defendant argued that Hawai'i's second-degree robbery statute, Haw. Rev. Stat. § 708-841 (1986), is not divisible and sweeps too broadly to be a crime of violence because § 708-841(1)(c) criminalizes reckless conduct. He conceded that, if the statute is divisible, his conviction under § 708-841(1)(b) (in the course of committing theft, threatening the imminent use of force with intent to compel acquiescence) is a crime of violence. Noting that the Supreme Court of Hawai'i has weighed in on the question, the panel held that the subsections in the statute describe unique elements of separate offenses, not alternative means of committing the same offense, and that the statute is therefore divisible. The panel wrote that this conclusion is confirmed by the jury instructions for the defendant's offense, and therefore rejected the defendant's contention that because Hawai'i requires jury unanimity for various reasons, unanimity cannot establish divisibility. The panel explained that even if there are some instances when unanimity may be required for other reasons, the Hawai'i courts use unique jury instructions for each subsection of the

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

second-robbery statute, such that the jury cannot disagree on whether a defendant charged with violating subsection (b) threatened the imminent use of force with intent to compel acquiescence.

**COUNSEL**

Maximilian J. Mizono (argued), Assistant Federal Public Defender; Salina M. Kanai, Federal Public Defender; Office of the Federal Public Defender, Honolulu, Hawaii; for Defendant-Appellant.

Michael Francis Albanese (argued), Attorney; Marion Percell, Chief of Appeals; Judith A. Philips, Acting United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Plaintiff-Appellee.

OPINION

R. NELSON, Circuit Judge:

Allen Tagatac was convicted of bank robbery and sentenced as a career offender. Tagatac appeals that designation, arguing that an earlier state conviction for second-degree robbery does not qualify as a crime of violence under the categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990). We hold that Hawaiʻi's second-degree robbery statute is divisible and Tagatac's conviction under subsection (b) is a crime of violence.

I

Years before his federal bank robbery conviction, Tagatac was convicted of second-degree robbery and

second-degree assault in Hawaiʻi state court. When the district court sentenced Tagatac for his instant federal offense, it concluded that the prior convictions rendered him a career offender. That designation led to a ten-level increase in his offense level, with a corresponding Sentencing Guidelines range of 151 to 188 months.

Tagatac objected to the career offender determination, arguing that he did not meet the Guidelines' requirement that he have "at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1(a)(3). He asserted that his second-degree robbery conviction was not a "crime of violence" because the statute swept too broadly to be so categorized under *Taylor*'s categorical approach.

At the time of Tagatac's second-degree robbery conviction, Hawaiʻi law provided that:

> (1) A person commits the offense of robbery in the second degree if, in the course of committing theft:
>
>> (a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;
>>
>> (b) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or
>>
>> (c) The person recklessly inflicts serious bodily injury upon another.

> (2) Robbery in the second degree is a class B felony.

Haw. Rev. Stat. § 708-841 (1986).

The district court found that Tagatac's second-degree robbery conviction was a crime of violence. It held that the Hawai'i statute was divisible, noting that each subsection of the statute involved unique mens rea and conduct elements and that Hawai'i courts require unanimity when a jury decides those elements. After determining that Tagatac was a career offender, the district court sentenced him to 125 months' incarceration (below the Guidelines range).

Tagatac appeals the district court's judgment, arguing that the court improperly based its career offender decision on the fact that Hawai'i requires jury unanimity.

## II

We have jurisdiction to review Tagatac's conviction and sentence under 28 U.S.C. § 1291. "We review de novo the classification of a defendant's prior conviction for purposes of applying the Sentencing Guidelines." *United States v. Murillo-Alvarado*, 876 F.3d 1022, 1028 (9th Cir. 2017) (quoting *United States v. Coronado*, 603 F.3d 706, 708 (9th Cir. 2010)).

## III

Tagatac argues that Hawai'i's second-degree robbery statute is not divisible and sweeps too broadly to be a crime of violence because subsection (c) criminalizes reckless conduct. *See Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (identical definition for "violent felony" in Armed Career Criminal Act does not include reckless conduct). If

the statute is divisible, he concedes that his conviction under subsection (b) is a crime of violence.

The Sentencing Guidelines state that a felony conviction is a "crime of violence" if it falls under either of two clauses. First, the conviction is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). This clause, called the "elements" or "force" clause, is the focus of Tagatac's appeal. A felony conviction might also qualify as a crime of violence if it falls under the "enumerated offenses" clause, which includes "aggravated assault . . . [or] robbery." *Id.* § 4B1.2(a)(2).[1]

To determine whether a conviction is a crime of violence, we do not look to the facts underlying the conviction. Instead, the Supreme Court requires us to employ a categorical approach that looks to the statutory definition of the offense and the fact of conviction itself. *Taylor*, 495 U.S. at 602. If the statute criminalizes conduct beyond that covered by the Guidelines—regardless of the defendant's actual conduct—the conviction is not a crime of violence. *See United States v. Brown*, 879 F.3d 1043, 1047 (9th Cir. 2018). Where a statute describes conduct on both sides of the line, we must determine whether it is divisible. If the statute describes different ways to prove a single set of elements, it is indivisible. *Mathis v. United States*, 579 U.S. 500, 504–05 (2016). In contrast, a statute is divisible if it

---

[1] Although Tagatac's appeal focuses on the elements clause, the government alternatively argues that his robbery conviction qualifies as a crime of violence under the enumerated offense clause and his assault conviction qualifies under both clauses. Because we conclude that Tagatac's conviction is a crime of violence under the elements clause, we do not reach the government's alternative arguments.

lists alternative elements and thereby describes alternative crimes. *Id.* at 505–06.

If the statute is divisible, the modified categorical approach permits us to look at charging documents, jury instructions, plea agreements, colloquies, and other "equally reliable document[s]" to determine which elements underlie a defendant's conviction. *Id.* at 505–06; *Murillo-Alvarado*, 876 F.3d at 1028 (quoting *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014)). Jury instructions aid our analysis because they reveal whether a statute's subparts describe different ways to commit the same crime or separate crimes with unique elements. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). If a subpart's jury instructions require unanimity, the statute is divisible because the jury must agree that the defendant's conduct fell under that subpart and we need not worry that some jurors convicted the defendant for conduct described in other parts of the statute. *Id.* at 272–73. On the other hand, instructions that do not require unanimity allow jurors to disagree on which subpart describes the defendant's conviction. *See id.* In those circumstances, the fact of conviction cannot tell us which subpart describes the defendant's conduct. *See id.* at 273.

The divisibility question often turns on how state courts handle a particular statute. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1040 (9th Cir. 2017) (en banc). "[W]hat must be divisible are the elements of the crime, not the mode or means of proving an element." *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1137 n.16 (9th Cir. 2014). Hawai'i courts look to the text of the statute, legislative intent, and principles of fairness under the due process clause of the Hawai'i constitution. *See State v. Jones*, 29 P.3d 351, 364–67 (Haw. 2001).

To determine whether Tagatac's conviction is a crime of violence, we must decide whether the subsections in the second-degree robbery statute describe unique elements of separate offenses or different ways to commit the same offense. Fortunately, the Supreme Court of Hawai'i has weighed in on this question. In *State v. Iuli*, 65 P.3d 143, 153 (Haw. 2003), the court explained that the elements for an offense under subsection (a) are "(1) the attendant circumstances (that the defendant was in the course of committing a theft); and (2) the conduct (that the defendant used force against a person who was present with intent to overcome that person's physical resistance or physical power of resistance)." Because the conduct element of an offense under subsection (a) is described only in subsection (a)—and not in the other subsections—each subsection must describe an alternative element. A defendant is guilty of violating subsection (b) if, while committing theft, he "threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property." Haw. Rev. Stat. § 708-841(1)(b). But he is guilty of an offense under subsection (c) if, while committing theft, he "recklessly inflicts serious bodily injury upon another." *Id.* Because these are unique elements—not alternative means—the statute is divisible.

Although we may end our analysis with *Iuli*, we also note that our conclusion is confirmed by the jury instructions for Tagatac's offense. *See Mathis*, 579 U.S. at 505. Tagatac contends that unanimity cannot establish divisibility because Hawai'i requires jury unanimity for various reasons. We disagree. As the government readily concedes, unanimity might be required for reasons other than agreement on the elements of an offense. Even so, unanimity can establish divisibility regardless of its other purposes.

If jury instructions require unanimity, the statute is divisible because the jury must be clear that each individual element was satisfied for each crime. If not, the statute might be indivisible because the subparts could merely describe different ways to commit the same offense. *See Descamps*, 570 U.S. at 257–58. Tagatac argues that we should not rely on the jury instruction's unanimity requirement because Hawaiʻi also requires unanimity on the specific facts proving a charged offense. But even if there are some instances when unanimity may be required for other reasons, the jury instructions confirm that Hawaiʻi's second-degree robbery statute is divisible. Hawaiʻi courts use unique jury instructions for each subsection of the second-degree robbery statute. "While the jury faced with a divisible statute must unanimously agree on the particular offense of which the petitioner has been convicted (and thus, the alternative element), the opposite is true of indivisible statutes . . . ." *Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014). The jury therefore cannot disagree on whether a defendant charged with violating subsection (b) "threaten[ed] the imminent use of force . . . with intent to compel acquiescence." Haw. Rev. Stat. § 708-841(1)(b).

## IV

Hawaiʻi's second-degree robbery statute is divisible, Tagatac's conviction was a crime of violence, and the district court did not err in concluding that Tagatac is a career offender.

**AFFIRMED.**