**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10140 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00142-DAD-BAM-1 |
| v. | |
| ANGELO JOSEPH FERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 12, 2023**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT,*** District Judge.

Angelo Joseph Fernandez pleaded guilty to one count of being a felon in

possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

district court concluded that Fernandez's prior conviction for corporal injury to a spouse or cohabitant under California Penal Code § 273.5(a) qualified as a crime of violence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") that subjected Fernandez to a base offense level of twenty under the Guidelines. The district court adjusted the base offense level because of other factors and then imposed a 78-month sentence, which Fernandez appeals.

"We review *de novo* a district court's decision that a prior conviction is a crime of violence under the Sentencing Guidelines." *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005) (citation omitted).

The Guidelines provide for a base offense level of twenty when a defendant has been convicted of a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). As relevant here, we have held that a crime of violence encompasses only offenses that require "the intentional use of force" as an element and that section 273.5(a) so qualifies because "a person cannot be convicted [of violating section 273.5(a)] without the intentional use of physical force." *United States v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir. 2010). The intentional-force requirement of section 273.5(a) is clear from its text, which makes "[a]ny person who *willfully inflicts* upon a person [as defined in the statute] *corporal injury* resulting in a traumatic condition . . . guilty of a felony." *Id.* (quoting Cal. Penal Code

§ 273.5(a) (2010)) (emphases added).[1]  We have reaffirmed that precedent since, including in the face of arguments that section 273.5(a) is not a crime of violence because of "California cases speaking to how convictions may be obtained under various assault-and-battery statutes without showing an intent to harm the victim." *United States v. Walker*, 953 F.3d 577, 579 (9th Cir. 2020).  We explained that the intentional direct application of force onto the victim that section 273.5(a) requires makes it satisfy the intentional-force requirement of a crime of violence.  *Id.*

Fernandez does not dispute that we have previously held that section 273.5(a) qualifies as a crime of violence under the Guidelines.  Fernandez instead argues that our precedent did not survive the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021).  According to Fernandez, *Borden* "held that an offense [does] not qualify as a crime of violence where the essential elements [can] be satisfied by a *mens rea* of recklessness"—in other words, Fernandez contends that if any essential element of an offense can be satisfied with a mens rea of recklessness, that offense cannot qualify as a crime of violence under *Borden*.[2]  Because California law recognizes that section 273.5(a)

---

[1] Section 273.5(a) was amended after *Laurico-Yeno* was decided, but those changes are not relevant here because Fernandez was convicted under the pre-amendment version.

[2] *Borden* involved the meaning of a "violent felony" in the Armed Career Criminal Act, not the meaning of a "crime of violence" in the Guidelines.  But the language defining a "violent felony" in that Act is relevantly identical to the language

3

requires only that "*the act* must be willful," not "the *resulting injury* [from the act]," Fernandez continues, an essential element of section 273.5(a)—that the act "result[] in a traumatic condition," Cal. Penal Code § 273.5(a)—can be satisfied with a mens rea of recklessness and section 273.5(a) therefore cannot be a crime of violence after *Borden*. *Borden*, Fernandez argues, therefore requires us to abandon our prior precedent holding that section 273.5(a) is a crime of violence and to vacate Fernandez's sentence.

We reject Fernandez's argument. We are bound by prior precedent unless it is "clearly irreconcilable" with intervening higher authority, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), and our precedent and *Borden* are fully consistent. *Borden* confirmed that a person who "consciously deploy[s]" force "at another person" satisfies the use-of-force element that a crime of violence requires, and emphasized that it is irrelevant whether the person consciously deploying the force towards another intended the force to make contact with a person or simply knew that the force would make contact with a person. *Borden*, 141 S. Ct. 1817, 1826-27 (2021) (reasoning that both a person who "drives his car straight at a reviled neighbor, desiring to hit him" and a getaway driver who "prefers a clear

---

defining a "crime of violence" in the Guidelines, so the reasoning from *Borden* applies with equal force here. *See United States v. Crews*, 621 F.3d 849, 852 n.4, 856 (9th Cir. 2010) (explaining that precedent interpreting one definition applies to the other because the definitions are nearly identical). We therefore treat *Borden* as addressing the meaning of a "crime of violence" under the Guidelines.

road" but "plows ahead anyway" when he "sees a pedestrian in his path . . ., knowing the car will run him over" satisfies the use-of-force element).

Moreover, nothing in *Borden* mandates, as Fernandez argues, that an offense can qualify as a crime of violence only when *every* element of that offense requires a mens rea of purpose or knowledge. The use-of-force element in the Guidelines is concerned with whether an offense "has as *an* element" force that is consciously deployed towards a person—not with whether an offense also requires that a defendant intend the harm resulting from the consciously deployed force, or intend every other element that makes up the offense. *See id.* at 1822 (emphasis added) (quotation marks omitted). This is precisely what we previously explained in *Walker*. Indeed, Fernandez agrees that section 273.5(a) requires as one element that a defendant consciously deploy force towards the victim. Our precedent holding that section 273.5(a) is a crime of violence is thus entirely consistent with *Borden*.

Because nothing in *Borden* upsets our prior precedent holding that section 273.5(a) is a crime of violence, the district court committed no error in the sentence it imposed.

**AFFIRMED.**