**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 17 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>HACK TOWNSEND CULLING, Jr.,<br><br>Defendant-Appellant. | No. 22-10341<br><br>D.C. Nos.<br>2:20-cr-00029-WBS-1<br>2:20-cr-00029-WBS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted June 13, 2024[**]
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

In June 2020, Defendant Hack T. Culling, Jr., pled guilty to the charge of being a felon in possession of a firearm. The charge stemmed from a traffic stop in April 2019 where law enforcement seized a loaded pistol and 241.4 grams of marijuana from Culling. During sentencing, the district court held that Culling's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

two prior convictions under California Penal Code § 273.5(a) were crimes of violence under U.S.S.G. § 2K2.1(a)(2). The district court also imposed a four-level enhancement of Culling's possession of marijuana for sale while carrying a firearm. Culling appeals his sentence, contending that: (1) a previous conviction under California Penal Code § 273.5(a) is not a crime of violence for the purposes of U.S.S.G. § 2K2.1(a)(2); and (2) the district court abused its discretion by imposing a four-level enhancement for Culling's possession of marijuana with intent to sell while carrying a firearm. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. "We review de novo the classification of a defendant's prior conviction for purposes of applying the Sentencing Guidelines." *United States v. Tagatac*, 36 F.4th 1000, 1003 (9th Cir. 2022) (quoting *United States v. Murillo-Alvarado*, 876 F.3d 1022, 1028 (9th Cir. 2017)). An offense can qualify as a "crime of violence" under U.S.S.G. § 2K2.1 if the offense satisfies the guideline's "elements clause." Under that standard, an offense is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see* § 2K2.1 cmt. n.1.

The Supreme Court has held that under the Armed Career Criminal Act's elements clause—which is identical to the one used in U.S.S.G. § 2K2.1—an offense requiring *mens rea* of recklessness cannot be a "violent felony" because

2

"[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner." *Borden v. United States*, 593 U.S. 420, 429 (2021). Culling claims that, under *Borden*, the crime for which he was convicted is not a "crime of violence."

California Penal Code § 273.5(a) makes it a felony to "willfully inflict[] corporal injury resulting in a traumatic condition upon a victim." Culling argues that under *Borden*, his previous convictions under § 273.5 are not crimes of violence under U.S.S.G. § 2K2.1 because California courts have interpreted § 273.5 in a way that does not require the defendant to intend the injury. Thus, Culling argues, the statute covers reckless conduct which, under *Borden*, cannot be a crime of violence.

We have previously held that a conviction under § 273.5 constitutes a categorical crime of violence. *See, e.g.*, *United States v. Walker*, 953 F.3d 577, 579 (9th Cir. 2020); *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010). In *Walker*, we reaffirmed *United States v. Laurico-Yeno*, which held that § 273.5 "punishes a 'person who willfully inflicts' injury upon [another] 'where willfully is a synonym for intentionally.'" *Walker*, 953 F.3d at 579 (quoting *Laurico-Yeno*, 590 F.3d at 821). Culling argues, however, that our precedent conflicts with *Borden*. We disagree. § 273.5(a)'s requirement that a defendant

3

willfully or intentionally "inflict[] corporal injury resulting in a traumatic condition upon a victim" is consistent with *Borden*, which held that the statute must require the defendant to "direct his action at, or target, another individual," *see Borden*, 593 U.S. at 429. To inflict an injury willfully or intentionally upon a victim, a defendant must direct his action at or target the victim. Thus, § 273.5 requires more than reckless conduct.

2. The parties also dispute whether the district court erred in imposing a four-level enhancement for Culling's possession of marijuana for sale while carrying a firearm. We review the district court's application of Sentencing Guidelines for abuse of discretion and review the district court's findings of fact for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (*en banc*). This standard is "significantly deferential" and requires a "definite and firm conviction that a mistake has been committed." *United States v. Murdoch*, 98 F.3d 472, 475 (9th Cir. 1996) (internal quotations and citation omitted).

The district court did not clearly err in its finding that Culling possessed 241 grams of marijuana. In the presentencing report, the probation officer submitted a factual finding that Culling possessed 241 grams of marijuana. Culling did not object to this finding. Thus, the district court did not err in accepting it as fact. *See* FED. R. CRIM. P. 32(i)(3)(A) (sentencing court "may accept any undisputed portion of the presentence report as a finding of fact."). Nor did the district court clearly

4

err in finding that Culling possessed the marijuana for sale. The district court inferred from the weight of the marijuana and the number of dosage units that Culling possessed for sale. Such an inference is not clearly erroneous. *See Murdoch*, 98 F.3d at 475.

Finally, the district court did not abuse its discretion in applying the four-level enhancement under § 2K2.1(b)(6)(B). Under that guideline, a district court may impose an enhancement if a defendant "possesse[s] . . . any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." § 2K2.1(b)(6)(B). Where "a firearm is found in close proximity to drugs," the "enhancement necessarily applies because . . . the presence of the firearm has the potential of facilitating another felony offense." *United States v. Parlor*, 2 F.4th 807, 814–15 (9th Cir. 2021) (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)) (cleaned up).

**AFFIRMED.**